### R. M. WEBB v. M. B. MOSELY.

**Guarantor—Notice of Acceptance of Guaranty—Reasonable Time.**

> Where a person by letter not addressed to any particular individual guarantees the credit of another, such guarantor has the right to be informed within a reasonable time, when any one should accept it, and not receiving such notice he is not bound.

**Reasonable Time.**

> Where a written letter of guaranty is acted upon in November, 1870, and the guarantor is not notified of the acceptance of his guaranty until August, 1871, such a notice is not given within a reasonable time.

### APPEAL FROM ESTILL CIRCUIT COURT.

November 10, 1874.

OPINION BY JUDGE LINDSAY:

The letter upon which it is sought to hold Mosely bound as guarantor for Bell, bears date October 8, 1870.

Webb claims to have furnished to or for Bell, machinery and material to the amount of $1,676.76. According to his own version of the transaction, he accepted the proposition set out in Mosely's letter, at least as early as November 1, 1870, and continued to furnish material and machinery up to April, 1871. Mosely was not notified of the acceptance until after the middle of August, 1871.

As a matter of law, the delay in giving notice of the acceptance was unreasonable. The letter was not addressed to any particular individual. It authorized any person or firm to act in the matter. Mosely had the right to be informed, when any one should accept it. "Otherwise he would not know who was becoming his creditor."

A party giving a letter of guaranty has the right to know whether it is accepted, and whether the person to whom it is addressed means to give credit on the footing of it or not. It may be most material, not only as to his responsibility, but as to future rights and proceedings. It may regulate, in a great measure, his course of conduct, and his exercise of vigilance in regard to the party in whose favor it is given. Especially is it important in the case of a continuing guaranty, since it may guide his judgment in recalling or suspending it. *Douglass, et al., v. Reynolds, Byrne & Co.,* 7 Peters 113.

The letter in this case is in some respects in the nature of a continuing guaranty. The reasonable presumption was that the materials and machinery would not all be furnished at the same time, nor by the same party. Hence Mosely had the right to expect that the persons who should accept, would not only give him notice of their acceptance within a reasonable time thereafter, but would inform him as to the extent of their acceptance. He was under no obligations to make inquiry as to whether his offer had been accepted nor as to who the acceptor was, or who the acceptors were. The parties who intended to hold him liable for the debts of Bell were bound by law to give him such notice as would bind him. Here the appellant took no steps to give notice until long after all the material and machinery had been furnished, and the mill completed. But withholding the notice, he deprived the guarantor of the right of recalling or suspending the guaranty. He placed it out of his power to take any steps to secure himself, which possibly he might have done notwithstanding Bell's insolvency. But it is immaterial whether he could or could not have secured himself. In order to bind Mosely, the law required Webb to notify him of his acceptance. He failed to do so within a reasonable time, and he cannot now perfect and render binding, that which in law never become a contract, by showing that Mosely could not have been injured by his failure to give the notice. It is not a question as to whether Mosely was or was not injured by the laches of Webb, but whether the alleged contract upon which Webb sues, as matter of law ever became a contract.

We are satisfied that it did not. The judgment of the circuit court must therefore be *affirmed.*

*T. N. Allen, J. R. Morton, for appellant.*
*Breckenridge & Buckner, for appellee.*